CLD-175                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1607
_____

In re:  LEVAR TAYLOR,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of New Jersey
(Related to D.N.J. Civ. No. 09-cv-1537)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 28, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 4, 2011)

_____

OPINION
_____

PER CURIAM

        Petitioner Levar Taylor, proceeding pro se, seeks a writ of mandamus compelling

the District Court to rule on his motion challenging the District Court's jurisdiction.  For

the reasons that follow, we will deny the petition.

        Taylor filed two motions pursuant to 28 U.S.C. § 2255 in District Court in 2009

and 2010.  The District Court consolidated the cases and ordered Taylor to file an

amended motion, before ultimately dismissing the case with prejudice on August 2, 2010.

We denied his application for a certificate of appealability. (C.A. No. 10-3480.) On August 30, 2010, Taylor filed a "Petition to challenge the subject matter jurisdiction, and personal jurisdiction of the [District] Court." On March 8, 2011, Taylor filed a petition for a writ of mandamus, requesting that the District Court act on his motion challenging its jurisdiction. He argues that the District Court's jurisdiction has never been "proven upon the record by the facts."

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005); the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). We recognize that approximately eight months have elapsed since Taylor filed his motion challenging the District Court's jurisdiction. However, we cannot conclude that the overall delay in this matter warrants mandamus relief. See Madden, 102 F.3d at 79 (an appellate court "may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction"). The District Court's lack of urgency in addressing his motion is understandable, given that Taylor filed it after his case had been closed and that he had previous opportunities to challenge the District Court's jurisdiction. We are confident that the District Court will enter an order in due course. Accordingly, the petition is denied.